UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-21733-CV-WILLIAMS/TORRES

LAZARO REYES,

    Plaintiff,

v.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

    Defendant.

_____/

**REPORT AND RECOMMENDATION
ON PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**

This matter is before the Court on Plaintiff's motion for an award of $7,308.17 in attorneys' fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"). [D.E. 25]. Defendant filed a response that partially opposes the motion. [D.E. 26]. Plaintiff did not file a reply and the time to do so has since passed. Having reviewed the record and relevant authority, and being otherwise fully advised in the premises, the Court recommends that Plaintiff's motion be **GRANTED in part and DENIED in part** for the following reasons.

Defendant concedes that Plaintiff is entitled to a fee award under the EAJA. Defendant disputes the amount of the award, however, and submits instead that Plaintiff's award should be marginally reduced because (1) some of the award seeks to recover expenses for "clerical services" that are not compensable under the EAJA

1

and (2) the time billed in conjunction with the drafting of Plaintiff's motion for summary judgment is "excessive."  We explore each argument in turn.

First, we agree that some of the time entries identified by Defendant are not compensable because they are merely clerical in nature.  Defendant highlights that, in 2020, Plaintiff's counsel billed a total of 0.7 hours for tasks like reviewing opposing counsel's notice of appearance or the clerk of court's notice of compliance.[1]  [D.E. 25 at 4]; [D.E. 26 at 3].  It is well-established that clerical tasks – i.e., activities that do not require the professional skill or expertise of a lawyer – are not compensable under the EAJA.  *See Missouri v. Jenkins*, 491 U.S. 274, 288 n. 10 (1989); *Jean v. Nelson*, 863 F.2d 759, 778 (11th Cir. 1988) (noting that time billed by a paralegal is compensable under the EAJA "only to the extent that the paralegal performs work traditionally done by an attorney.") (emphasis omitted); *Yermal v. Astrue*, No. 08-cv-00529, 2009 WL 4042919, at *2 (M.D. Fla. Nov. 23, 2009) ("Because preparing a notice of designation and sending the Complaint and Summons are clerical tasks, they are not compensable as attorney's fees under the EAJA."); *Lay v. Astrue*, No. 10-cv-00346, 2012 WL 5988822, at *5 (E.D. Ky. Nov. 29, 2012) ("Purely clerical tasks are not

---

[1] Defendant specifically challenges seven entries from 2020 that it considers clerical.  *See* [D.E. 26 at 3].  We do not agree that all of these identified entries constitute clerical work.  In our view, two of these seven entries are clearly not clerical in nature.  The 1.1-hour-long discussion between Plaintiff and his counsel about the substantive and procedural issues in his case does not amount to clerical work.  The drafting of a complaint is also not clerical in our view.  These activities necessarily involve the professional skill of a lawyer that are required to properly represent the Plaintiff.

compensable under the EAJA."). Because we agree that some of the time entries identified by Defendant are clerical, we recommend reducing the total compensable hours billed in 2020 from 4.2 hours to 3.5 hours.

Second, Defendant insists that Plaintiff's counsel excessively billed for the time she spent on Plaintiff's motion for summary judgment. In 2021, Plaintiff's counsel spent a total of 20.3 hours simultaneously reviewing the 2,063-page transcript in this case, conducting legal research, and drafting the motion for summary judgment. In this context, we cannot agree that 20.3 hours is excessive. Defendant attempts to make much of the fact that Plaintiff's motion for summary judgment appears to include language that has been recycled from Plaintiff's counsel's work product in other cases, concluding on this basis that it simply does not take 20.3 hours to draft a "boiler plate" motion and therefore the time billed is excessive. Even if we were to accept as true that some of Plaintiff's counsel's writing has been recycled for this case, Defendant's argument is undermined by its unwillingness to engage with the fact that these 20.3 hours account for more than the drafting of a motion. In addition to drafting and editing the motion for summary judgment during this time, Plaintiff's counsel also absorbed a complex and voluminous record on appeal and conducted the legal research necessary to justify the relief sought by the motion for summary judgment. In our view, spending 20.3 hours on this motion for summary judgment was entirely reasonable and therefore not excessive.

Based on the foregoing, Plaintiff's motion should be **GRANTED in part and DENIED in part** as follows.

A. Plaintiff should be awarded 3.5 hours of time at the rate of $207.78 per hour, equaling a total fee award of $727.23 for work performed in 2020.

B. Plaintiff should be awarded 27.3 hours of time at the rate of $217.54 per hour, equaling a total fee award of $5,938.84 for work performed in 2021.

C. Plaintiff should be awarded 2.2 hours of time at the rate of $225.75 per hour, equaling a total fee award of $496.65 for work performed in 2022.

D. If the United States Department of the Treasury verifies to the Office of the General Counsel that Plaintiff does not owe a debt, the Government should honor Plaintiff's assignment of EAJA fees, costs, and expenses, and therefore make Plaintiff's total fee award of $7,162.72 payable directly to Plaintiff's counsel.

E. To expedite matters, any objection to this Report and Recommendation must be filed within seven (7) days. Failure to object precludes a party from filing an appeal of the resolution of the pending motion.

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 31st day of January, 2024.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
Chief United States Magistrate Judge